NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

SARAH R. GOETZINGER, *Respondent/Appellee*,

*and*

STEVEN J. POE, *Respondent/Appellee*,

*v.*

FRANCES GOETZINGER-AMENDT, *Intervenor/Appellant*.

No. 1 CA-CV 25-0170 FC

FILED 11-28-2025

Appeal from the Superior Court in Maricopa County
No. FC2021-070453
The Honorable Jillian Francis, Judge

**AFFIRMED**

APPEARANCES

Frances Goetzinger-Amendt, Wickenburg
*Intervenor/Appellant*

Sarah R. Goetzinger
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge D. Steven Williams delivered the Court's decision, in which Judge Andrew M. Jacobs and Judge Michael S. Catlett joined.

---

**W I L L I A M S**, Judge:

**¶1**        Maternal Grandmother appeals the superior court's denial of her request for grandparent visitation with her grandchild ("Child"). For reasons that follow, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

**¶2**        Mother and Child lived with Grandmother from Child's birth until Child was three years old. During that time, Grandmother helped "care [for Child's] every need." Father, too, lived at Grandmother's home for Child's first two years until Father returned to prison. Then Mother and Father divorced.

**¶3**        Mother and Grandmother's relationship soon deteriorated when Mother's boyfriend was introduced. Grandmother refused to allow the boyfriend to move into her home and reported to police the boyfriend was molesting Child. Police conducted an initial investigation before closing the matter. After Grandmother made disparaging comments about both Mother and the boyfriend, Mother blocked all contact between Grandmother and Child.

**¶4**        Grandmother twice petitioned the superior court for grandparent visitation—one petition sought visitation with Child, and the other sought visitation with a grandchild born to Mother and the boyfriend. This appeal only concerns Grandmother's petition for visitation with Child. The superior court scheduled an evidentiary hearing to address both petitions, allotting two hours for the combined hearing, and stating through minute entry that each party would have "about 1/2 of the available time to present your case."

**¶5**        At the hearing, Grandmother, Mother, Father, and the boyfriend all testified. A portion of the testimony focused on Grandmother's medical marijuana use. Grandmother testified she used medical marijuana to treat her workplace injury that resulted in her being "permanently disabled" "physically and emotionally, mentally" but

stopped using it because of Mother's concerns. Mother testified she cut off Grandmother's access to Child, in part, because of her marijuana use, explaining that Child "knew how to use a bong, . . . knew how to hold a pipe," and had access to lighters.

¶6 After taking the matter under advisement, the superior court denied Grandmother's request for visitation, finding she had not met her burden to show that visitation would be in Child's best interests. A.R.S. § 25-409(C), (E). Following entry of final judgment, Grandmother timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-120.21(A)(1).

## DISCUSSION

¶7 Grandmother does not challenge the superior court's finding that she failed to prove visitation would be in Child's best interests. *In re Marriage of Friedman and Roels*, 244 Ariz. 111, 115, ¶ 12 (2018) (explaining courts consider a "non-exhaustive list of relevant [child's best interests] factors" when presented with a third party's petition for visitation (citation modified)); A.R.S. § 25-409(E) (directing Arizona courts to "give special weight to the legal parents' opinion of what serves their child's best interests"). Instead, Grandmother alleges several due process violations. "We review constitutional questions, including compliance with due process, *de novo*." *Matter of Guardianship of A.K.*, 258 Ariz. 336, 342, ¶ 16 (App. 2024) (citation omitted).

¶8 First, Grandmother asserts the superior court erred by denying her motion (filed the day before trial) to present evidence of her good moral character through a witness who would appear telephonically or by the admission of the witness' written character statement. "A ruling admitting or excluding evidence will not be overturned on appeal absent abuse of discretion and resulting prejudice." *In re Conservatorship for Hardt*, 242 Ariz. 449, 452, ¶ 9 (App. 2017).

¶9 Regarding the motion for telephonic appearance, Arizona Rule of Family Law Procedure ("ARFLP") 8(d)(1) requires a party who wishes to present telephonic testimony to file the request "within a time that allows the opposing party a reasonable opportunity to respond." Given the timing of Grandmother's motion, the court was within its discretion to deny the request.

¶10 As for the written character statement, the court explained: "I don't know what it is, what the document that you're referring to is. If it's a character statement…I don't allow those. But you're welcome to proceed

3

with the other evidence that you wanted to present today." Grandmother offers no legal authority requiring the court to admit into evidence a written character statement. Ariz. R. Evid. 404(a) ("Evidence of a person's character or a trait of character is [generally] not admissible[.]"). Regardless, Grandmother has not argued or shown how she was prejudiced by the court's refusal to consider the same.

¶11  Next, Grandmother argues the superior court denied her the opportunity to cross-examine Mother's witness. At the start of the evidentiary hearing, the court explained, "I'm going to give each side a little under 30 minutes to present their evidence and testimony to the Court. We'll do our best to adjust the time if we can based upon how much everyone is speaking today." Because Grandmother was the petitioner, she testified first. The court reminded Grandmother of the time limitations three times during her testimony. Grandmother used the entirety of her allotted thirty minutes to testify. That is why the court did not allow Grandmother to cross-examine Mother's witness.

¶12  On appeal, Grandmother points to the superior court's minute entry setting aside two hours for the evidentiary hearing. Because the hearing concluded after only one hour and seven minutes, Grandmother seems to argue the court should have allowed her additional time. Though the court certainly could have afforded each party additional time, the court has discretion to "impose reasonable time limits appropriate to the proceedings." ARFLP 22(a); *see Gamboa v. Metzler*, 223 Ariz. 399, 402, ¶ 13 (App. 2010) ("[A] trial court has broad discretion over the management of a trial."). "A party may request additional time," ARFLP 22(a), but Grandmother never did. And because this hearing involved multiple parties (Grandmother, Mother, and Father in the first petition and Grandmother, Mother, and the boyfriend in the second), the court provided each party thirty minutes to "present their case." Because Father and the boyfriend did not use all their allotted time, the hearing concluded short of the allotted two hours. But each party was afforded equal time. Moreover, "to merit reversal, a party must show they incurred some harm as a result of a court's time limitations." *Gamboa*, 223 Ariz. at 402, ¶ 17 (citation modified). Grandmother has not shown any harm.

¶13  Finally, Grandmother contends the superior court erred by considering Mother's assertion in her pretrial statement that Grandmother has "mental health issues" without corroborating evidence "such as medical records or mental health evaluations." But Grandmother herself testified she "was determined totally, permanently disabled[,] . . . physically and emotionally, mentally."

¶14 Regardless, in its written summary of the best interests factors under A.R.S. § 25-403(A), the superior court noted "Mother has concerns about [Grandmother's] mental health," but then made no findings of its own regarding that health. In finding Grandmother failed to establish that her visitation was in Child's best interests, the court did not rely on Grandmother's health. Instead, the court focused on the animosity between Grandmother and the boyfriend, and "Mother's valid concerns about [Grandmother's] past behavior." Grandmother has not shown that the court erred.

## CONCLUSION

¶15 For the foregoing reasons, we affirm the superior court's denial of Grandmother's petition for visitation.

